ROBERT LEE CAMPBELL, Special Judge.
On January 4, 1970, plaintiff Opal M. Carden (hereinafter called plaintiff) fell on snow and ice on one of the parking lots of defendant Lester E. Cox Medical Center (herein referred to as defendant or defendant Cox). A lengthy jury trial, interspersed with countless objections by defendants, resulted in an award of $58,500 for plaintiff for injuries sustained and an award of $3,300 for her husband for loss of services. Verdict was returned and judgment entered against defendant Cox only, and in favor of co-defendant Don-dlinger & Sons Construction Company, who had cleared snow and ice from another parking lot at the medical center two days prior to plaintiff’s fall. Defendant Cox appeals alleging numerous trial errors. We affirm.
At the outset defendant Cox urges that plaintiff failed to make a submissible case because the solid, rough, ridged and uneven ice upon which plaintiff fell was part of a general condition of snow and ice in the Springfield, Missouri, area. Defendant relies upon evidence from the official weather records at the Springfield airport showing seven inches of snow on the ground on December 31 and January 1, five inches on January 2 and 3, and four inches on January 4, the date of plaintiff’s fall. Defendant overlooks the testimony of plaintiff and several witnesses that streets in the City of Springfield were free and clear of snow and ice on the day plaintiff fell. The jury by its verdict found that a general condition of snow and ice did not exist in the City of Springfield.
Plaintiff and defendant quote extensively in their briefs from Missouri cases relative to liability for falls on snow and ice. In O’Connell v. Roper Elec. Co., Inc., 498 S.W.2d 847 (Mo.App.1973), this court affirmed a judgment for injuries sustained in a fall on rough, ridged and hummocked ice in the City of Springfield two days prior to plaintiff’s fall. We deem further citations unnecessary; plaintiff did make a submissible case for the jury.
Defendant next contends that the court erred in failing to grant any of defendant’s requests for a mistrial when evidence of the physical condition of plaintiff’s son and the lack of education of plaintiff’s husband came before the jury. Defendant argues that plaintiff’s nineteen-year-old son should have been required to testify by deposition because he was confined to a wheelchair as a result of injuries sustained in an automobile collision. Plaintiff and her son testified at some length with respect to plaintiff assisting her son because of his injuries and assisting her husband in all aspects of operation of the farm on which they lived prior to her fall. The physical condition of plaintiff’s son and lack of education of plaintiff’s husband were properly received in evidence to demonstrate the extent that plaintiff was prevented by reason of her injuries from performing her normal household duties.
Defendant alleges the court erred in permitting plaintiff’s treating physician to use *341 visual aids, including a Zimmer screw and plate, while detailing his first operation on plaintiff’s hip. Defendant relies upon Taylor v. Kansas City Southern Ry. Co., 364 Mo. 693, 266 S.W.2d 732 (1954), and Kickham v. Carter, 314 S.W.2d 902 (Mo.1958). In the Taylor case, a judgment for plaintiff was reversed where plaintiff on cross-examination required defendant’s medical witnesses to use a surgeon’s scalpel to demonstrate how to perform a laminecto-my. In the Kickham case, plaintiff’s medical witness made use of actual photographs of the operation while minutely describing a laminectomy. The trial court granted a new trial and gave as one reason the court’s error in permitting the doctor’s highly inflammatory and prejudicial testimony. In affirming the action of the trial court, the court held, 314 S.W.2d 1. c. 908: “The nature and extent of plaintiff’s injuries are essential to his proof and necessary for the jury’s determination. It is improper only when such demonstration exceeds legitimate purposes and would unduly elicit sympathy and prejudice in plaintiff’s favor to a degree that would tend to minimize other considerations required of the jury. Demonstrations which dramatize plaintiff’s injuries in a manner calculated to inflame the minds of the jury are prejudicial and improper.”
Even though the treating physician, Dr. Erin M. Dillard, did make use of a Zimmer screw and plate and Polaroid X-rays made during surgery to make sure the pins and screws were in proper position, our review of the record does not convince us that the trial court abused its discretion in overruling defendant’s objections to such testimony. The record does not demonstrate that such testimony was inflammatory and prejudicial. “Plaintiff was entitled to show how her injuries were treated by her physician and the effect of such proper treatment upon her.” Hampton v. Rautenstrauch, 338 S.W.2d 105, 111 (Mo.1960).
We also have reviewed defendant’s complaints with respect to permitting evidence as to roping off and barricading of the parking lot and allowing argument as to illumination and find no error. We similarly deny defendant’s contention that the cumulative effect of the errors alleged require the granting of a new trial.
Defendant launches a multiple attack upon plaintiff’s jury instructions. Defendant alleges that plaintiff erroneously modified MAI 22.04 rather than MAI 22.03, that submitting failure to “remedy” .the condition gave the jury a roving commission, that the instructions omitted a finding that plaintiff did not know of the condition of the parking lot and omitted a finding that it was a special, isolated condition, and that the instructions as a whole erroneously placed the burden of proof regarding special, isolated condition on defendant. Plaintiff properly modified MAI 22.04 under the facts of this case. Although involving a different factual situation, the court in Swiastyn v. St. Joseph Light & Power Co., 459 S.W.2d 24, 31-32 (Mo.App.1970), answered a similar attack on instructions as follows:
“MAI contains no separate instruction for this type of case. Plaintiff in preparing Instruction No. 3, modified MAI 22.04, which is the verdict-directing instruction for use in a ‘sidewalk defect’ case. Defendant says MAI 22.03 for an invitee is more suitable as a base from which to start. It is not the starting point but the finished product which is vital.”
MAI 22.04 for sidewalk defects requires a submission that defendant “failed to use ordinary care to remedy it.” We fail to see the difference between a defect on a parking lot and a similar defect on a sidewalk. We hold that the use of the word “remedy” in the instruction does not give the jury a roving commission and is not erroneous.
It was not necessary for plaintiff’s verdict-directing instructions to include a finding that plaintiff did not know of the *342 condition of the parking lot. Such is not the law. Plaintiff could walk across defendant’s parking lot unless the existing condition was so obviously and glaringly dangerous that a reasonably prudent person would not attempt to do so. O’Connell v. Roper Elec. Co., Inc., supra, 498 S.W.2d at 854(5).
Likewise, plaintiff’s verdict-directing instruction need not contain a finding that the condition of defendant’s parking lot was a special, isolated condition. MAI instructions were drafted to avoid submitting detailed evidentiary facts to the jury. For example, “defendant violated the electric signal” would be a proper submission whether defendant ran a red light or proceeded straight across an intersection on a left turn arrow. In this case the record is replete with evidence that the “rough, ridged, hummocked ice” was caused by automobiles driving, slipping and spinning upon the snow on the lot. It cannot be contended under the facts before us that such condition submitted to the jury was a general condition of snow and ice.
Instruction No. 7, offered by defendant, was as follows:
“Your verdict must be for defendant Lester E. Cox Medical Center if you believe that, at the time plaintiff Opal Car-den fell on said defendant’s Robberson Avenue Parking Lot, there existed throughout the City of Springfield a general condition of snow and ice, and the condition of said defendant’s Robber-son Avenue parking lot, as submitted in Instructions No. 2, 3, 4, and 5 was not a special, isolated condition.”
The jury was thus thoroughly instructed as to all factual issues necessary to support the verdict in this case. In addition, the issues were ably, clearly and forceably presented to the jury by counsel in closing argument. We find no prejudicial error in the instructions.
Defendant finally urges that the verdict of $58,500 in favor of plaintiff is excessive. Plaintiff sustained an impacted fracture of the neck of her right femur necessitating a major operation to insert a Zimmer screw and plate and another operation to remove the screw and plate. In addition, plaintiff underwent a laminecto-my during a third major operation for surgical repair of a ruptured intervertebral disc sustained as a result of the fall. She had a thirty-five percent permanent disability of her right leg and a fifteen percent permanent disability of her body as a whole. The verdict was not excessive.
Finding no error, the judgment is affirmed.
BILLINGS, C. J., and TITUS, J., concurs.
STONE, HOGAN and FLANIGAN, JJ., not participating.